**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHARLES C BRENNAN, *et al.*, | |
| Plaintiffs, | 2:20-cv-00799-JAD-VCF |
| vs. | **ORDER** |
| CADWELL SANFORD DEIBERT & GARRY LLP, *et al.*, | MOTION TO STAY DISCOVERY [ECF NO. 31] |
| Defendants. | |

Before the Court is defendant Cadwell Sanford Deibert & Garry LLP's motion to stay discovery. (ECF No. 31). The defendant's motion to stay is granted.

**I.   Background**

Plaintiffs Charles and Mary Brennan filed a complaint against defendants for abuse of process because of two related lawsuits the defendants[1] filed against them South Dakota (one is a pending lawsuit in federal court, in the discovery phase). (ECF No. 1-3 at 16). Defendants Cadwell and Cup O'Dirt LLC filed motions to dismiss for lack of personal jurisdiction which are both pending before the Court. (ECF Nos. 8 and 9). Defendant Cadwell moves to stay discovery pending resolution of its motion dismiss and defendant Cup O'Dirt filed a joinder seeking the same relief. (ECF Nos. 31 and 32).

Defendant argues in its motion to stay that the pending motion to dismiss will dispose of the entire case in this Court because (1) the Brennans abuse of process claim is not ripe because of the pending South Dakota lawsuit and (2) the defendants (both South Dakota companies) do not have minimum contacts with the forum state. (ECF No. 31 at 4). Plaintiffs argue in their response that the

---

[1] Cadwell is the law firm that represents Cup O' Dirt in the South Dakota proceedings.

1

defendants are subject to the jurisdiction of this Court because the defendants served them with the South Dakota Federal Court case here in Nevada after they refused to waive service through their South Dakota lawyer. (ECF No. 38 at 4). Plaintiff also argues that the defendants did not meet and confer regarding filing this motion. (*Id.*)

Defendant argues in the reply service of a complaint regarding a lawsuit in South Dakota is insufficient to evoke the jurisdiction of this Court. (ECF No. 39 at 7). The defendant argues that it did have a meet and confer with plaintiffs regarding this motion during its Rule 26 telephone conference when the parties informed plaintiffs that it intended to file this motion (*Id*. at 3) as evidenced by the fact that the parties included a paragraph regarding the defendant's intention to file a motion to stay discovery in the stipulated discovery plan (See ECF No. 29 at 4).  The defendant asks that to the extent that the phone call with counsel was not a formal meet and confer regarding this particular motion, it asks that the Court exercise its discretion and decide the motion because plaintiffs knew about its intention to do so and it would serve judicial efficiency to decide the motion on the merits. (ECF No. 39 at 7).

**II.      Analysis**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]"  The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).  Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).  "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

"[D]iscovery should be stayed while dispositive motions are pending 'only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive.'" *Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 20130; citing to *Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 357 (E.D.N.Y. 1991). "[A] situation that in and of itself would warrant a stay of discovery…occur[s] when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 654 (D. Nev. 1989). If parties fail to meet and confer in good faith, the Court may still, "exercise its discretion to decide the motion to stay discovery on its merits." See *Hologram USA, Inc. v. Cirque Du Soleil My Call, LLC*, No. 2:14-cv-0916-RFB-NJK, 2014 U.S. Dist. LEXIS 164604, at 4 n.3 (D. Nev. Nov. 24, 2014), citing to *Preston v. Clark County Collection Serv., LLC*, 2014 U.S. Dist. Lexis 76681, 8, 9 (D. Nev. June 2, 2014).

The parties met and conferred regarding discovery during their Rule 26 conference and defendants told plaintiff that it intended to file this motion during that conference. There is no requirement that parties must have a separate meet and confer and the plaintiffs were not caught off guard regarding this motion. The Court finds that although the parties did not have a full good-faith meet and confer regarding this motion, this scenario is one where the Court will exercise its discretion and decide the motion on the merits.

Without prejudging the outcome of the motion to dismiss, the Court finds there is a significant likelihood that the claims against the defendant will be considerably limited in scope if not eliminated entirely if the Court dismisses the case for lack of jurisdiction or if the Court limits the plaintiff's abuse of process claim regarding the pending South Dakota action. The Court can decide both pending motions without discovery because (1) whether the Court has personal jurisdiction over the defendants and (2) whether the plaintiffs may seek an abuse of process claim regarding a case pending in a sister court are both matters of law that the Court can decide without discovery. After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive determination" of all cases, the Court finds that the arguments advanced in the motion to dismiss may have merit. Discovery will be stayed pending resolution of the defendants' motions to dismiss.

Accordingly, and for good cause shown,

IT IS ORDERED that the defendant's motion to stay discovery (ECF No. 31), pending resolution of the motions to dismiss, is GRANTED.

DATED this 22nd day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE